IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RENOIT SAINTELIEN,
AGENCY NO. A-072-034-414,**

      Petitioner,

vs.                                           Case No. 4:11cv189-MP/WCS

**ERIC H. HOLDER, JR., et al.,**

      Respondents.

_____/

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Petitioner initiated this case on May 3, 2011, by filing a petition for writ of habeas corpus under § 2241. Doc. 1. Petitioner alleged that he is a native of Haiti and was ordered removed on July 22, 2004. *Id.* Petitioner claimed Respondents would be unable to effect his removal and challenged his continued detention under Zadvydas v. Davis, 533 U.S. 678 (2001). *Id.* Service was directed and Respondents filed a response to the petition on July 11, 2011, doc. 12, and have now filed a motion to dismiss, doc. 14, on July 27, 2011.

Respondents assert in the motion to dismiss that Petitioner was removed from the United States to Haiti on July 12, 2011. Doc. 14. Therefore, because Petitioner is

no longer in detention and no further relief can be provided, this § 2241 petition should now be dismissed as moot.

Since Petitioner is no longer in detention, there is no longer a case or controversy between Petitioner and Respondents.  <u>Soliman v. U.S. ex rel. INS</u>, 296 F.3d 1237, 1243 (11th Cir. 2002) (finding that since petitioner had been removed from the United States, no order requiring INS to release him would have any effect and holding case was moot).  This case is moot and should be dismissed.

In light of the uncontested assertion by Respondents, it is respectfully **RECOMMENDED** that the § 2241 petition filed by Petitioner Renoit Saintelien be **DISMISSED as moot** since it appears he has been removed from the United States and is no longer in detention.

**IN CHAMBERS** at Tallahassee, Florida, on July 27, 2011.


     s/   William C. Sherrill, Jr.
     **WILLIAM C. SHERRILL, JR.**
     **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**